Joseph **WESTENBERG**, Cyril Novotny, Carl Britts, Thomas Goad and James Martin, Plaintiffs,

v.

Godfrey P. **SCHMIDT**, individually and as attorney for Thomas C. Manning, et al., Lawrence T. Smith, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America et al., Defendants.

United States District Court
S. D. New York.

Dec. 7, 1959.

Jacques M. Schiffer, New York City, for plaintiffs.

Godfrey P. Schmidt, New York City, for defendants Godfrey P. Schmidt and others.

**62**

HERLANDS, District Judge.

This is an action by five members of the local unions of the International Brotherhood of Teamsters, etc., for a permanent injunction, enjoining all or substantially all parties to an equity suit presently in progress in the District Court for the District of Columbia (see English v. Cunningham, D.C.Cir., 269 F. 2d 517) and other persons connected with that suit, including members of the Board of Monitors appointed by that Court, from proceeding further in that suit; and for a declaratory judgment that the District of Columbia litigation, and all actions taken pursuant thereto, are null and void. The complaint alleges, on information and belief, that the plaintiffs in the District of Columbia suit, and their attorney, have perpetrated a fraud on that Court.

■ Two motions are before this court. The defendants have moved to dismiss the complaint, pursuant to F.R. Civ.P., rule 12(b), 28 U.S.C.A. Plaintiffs have moved for a preliminary injunction. Without adjudicating all of the issues raised by the moving defendants, the court concludes that this court does not have jurisdiction over the subject-matter. The District Court for the District of Columbia has continuing jurisdiction over the subject-matter involved herein and over the defendants who are parties therein.

■ One court of equity will not annul the decree and proceedings of another court of equity in a pending cause. For this court of equity to assume to interpose would be most unseemly and an intolerable interference with the orderly administration of justice. Furnald v. Glenn, 2 Cir., 1894, 64 F. 49.

Plaintiffs may make such application as they may be advised is proper to the court in which the action is pending. As this court's decision is confined to the question of jurisdiction, it neither expresses nor intimates an opinion as to the procedural or substantive merits of any such application to the District Court for the District of Columbia.

The complaint herein having been dismissed, plaintiffs' motion for a preliminary injunction is thereby rendered moot.

This opinion constitutes an order granting the defendants' motion and denying the plaintiffs' motion.